**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIE D. JOHNSON, III, | **)** | |
| | **)** | |
| Plaintiff, | **)** | Civil Action No. 2: 14-cv-00914 |
| | **)** | |
| v. | **)** | United States District Judge |
| | **)** | Nora Barry Fischer |
| PA DEPARTMENT OF CORRECTIONS, | **)** | |
| et al, | **)** | United States Magistrate Judge |
| | **)** | Cynthia Reed Eddy |
| Defendants. | **)** | |

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to follow the Court's Order dated August 29, 2014, requiring him to pay an initial partial filing fee of $95.95, or otherwise show cause why this case should not be dismissed.

### II.   REPORT

Plaintiff, proceeding *pro se*, initiated this prisoner civil rights action on July 10, 2014. Together with the Complaint, Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), which the Court initially denied (ECF No. 2) for his failure to submit the proper financial documentation.  After submitting the necessary account information (ECF No. 3,) the Court then granted Plaintiff's request for *in forma pauperis* status (ECF No. 4) but directed him to pay $95.95 as an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A).  Plaintiff had thirty days to submit the fee.  When he had not done so by October

15, 2014, the Court ordered him to show cause why this case should not be dismissed. (Text Order dated 10/15/2013). Plaintiff had until November 3, 2014, to either pay the initial partial filing fee or show cause why he was unable to do so. As of the date of this Report and Recommendation, Plaintiff has done neither. Because the Court will not direct the prison to withdraw money from Plaintiff's institutional account until Plaintiff authorizes such withdrawal, and it appears as if Plaintiff will never do so, the initial partial filing fee in this case will never get paid.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order granting him *in forma pauperis* status and directing him to file an initial partial filing fee of $95.95. There is also no indication that he did not receive the order to show cause for why he had not done so. The responsibility for his failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been required to respond to the Complaint and therefore have not suffered specific prejudice other than that caused by general delay.

3. A history of dilatoriness.

Plaintiff has made no effort to move this case forward and has ignored the Court's Orders dated August 29, 2014 and October 15, 2014. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. <u>Whether the party's conduct was willful or in bad faith.</u>

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. <u>Alternative sanctions.</u>

Plaintiff is proceeding *pro se*, and despite being granted *in forma pauperis status*, he has not paid the initial partial filing fee. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. <u>Meritorious of the claim or defense.</u>

Plaintiff alleges that Defendants violated his Fourteenth Amendment Due Process rights at his misconduct hearing because he was unable to call witnesses to support his alibi defense. He was found guilty of the misconduct and, as a result, was placed in disciplinary custody for ninety (90) days. To invoke the protections of the Due Process Clause, a disciplinary proceeding must result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Connor,</u> 515 U,S, 472, 483 (1995). Placement in restrictive confinement for periods of up to one year have been held to not trigger a constitutionally protected liberty interest because such confinement is not atypical and a significant hardship in relation to the ordinary incidents of prison life. <u>See, e.g., Smith v. Mensinger</u>, 293 F.3d 641 (3d Cir. 2002) (upholding a district court's dismissal of a prisoner's due process claim concerning seven months disciplinary detention). In the instant case, Plaintiff was placed in disciplinary custody for ninety (90) days. (ECF No. 5, Complaint. at ¶ 4(c)). A ninety-day placement in disciplinary custody generally is not sufficient hardship to give rise to a due process claim. Given the nature of Plaintiff's allegations, this factor weighs against dismissal.

In summary, the majority of the <u>Poulis</u> factors weigh in favor of dismissal.  Accordingly, it is respectfully recommended that this action be dismissed.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to follow the Court's Order dated August 29, 2014, requiring him to pay an initial partial filing fee of $95.95, or otherwise show cause why this case should not be dismissed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have until **December 1, 2014**, to file written objections to this Report and Recommendation.   Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated:  November 12, 2014

s/Cynthia Reed Eddy____
Cynthia Reed Eddy
United States Magistrate Judge

cc:  WILLIE D. JOHNSON, III
    EE-1852
    SCI FOREST
    P.O. BOX 945
    Marienville, PA 16239